### 3027.  WATTS *v.* THE STATE.

1. The evidence amply authorized the verdict.
2. It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense.

3. No valid exception can be taken by a party to the court's giving the jury an instruction where the party himself has requested the giving of that instruction, either verbally or in writing.

DECIDED JANUARY 31, 1911.

Conviction of manslaughter; from Pulaski superior court—Judge Martin. October 11, 1910.

*M. H. Boyer, T. C. Taylor, John R. Cooper,* for plaintiff in error.

*E. D. Graham, solicitor-general, W. L. & Warren Grice, Herbert L. Grice,* contra.

POWELL, J.  The only point that we care to make clearer is the one mentioned in the second headnote.  The accused was indicted for killing a man named Parks.  The State offered a witness who testified that the accused had voluntarily said to him, "I killed Joe Parks and a negro."  The defendant objected to the admission of this testimony, on the ground that the prisoner was on trial for the killing of Joe Parks, and not on trial for the killing of the negro; that the killing of the negro was a specific, distinct offense, and that it was not competent for the State to give in evidence testimony as to distinct and separate offenses.       *Judgment affirmed.*