## LAMPKIN *v.* THE STATE.

1. The accused being on trial for the murder of his wife, the testimony of an eye-witness to the effect that he shot another woman just before shooting his wife, the two acts being performed so nearly in point of time as to make the first shooting a part of the res gestæ of the act for which the accused was indicted, was admissible.

(*a*) Besides, it would seem that such evidence was admissible to show the animus of the defendant, who claimed in his statement that when he fired the shot which resulted in the death of his wife, he intended to shoot another person who was making an assault upon his wife with an ax.

2. There is no merit in the ground of the motion complaining that the examination by the court of a witness introduced by the State was prejudicial to the accused.

3. The court did not err in charging the jury as follows: "A reasonable doubt I charge you to be a doubt for which you can give a reason. You have no right to create for yourselves a vague or fanciful doubt in order to acquit the defendant, but the doubt must be one reasonably and fairly entertained on the part of the jury, one that grows out of the testimony or the lack of testimony and leaves the minds of the jury wavering and uncertain, not satisfied."

4. The court did not err in charging the jury as follows: "If you find from the evidence that the defendant committed the homicide alleged, and if, from the evidence establishing the homicide, you find no facts of extenuation or mitigation, you would have the right to imply a felonious killing."

5. Where the defendant claimed that when he fired the shot which resulted in the death of his wife he did so intending to shoot one who was making a felonious assault upon his wife, manifestly it was not error for the court to instruct the jury that if the prisoner when he took the life of the decedent did so without any intention to do so, but did so in firing at some other person who was in the act of committing a felonious assault upon her, the defendant should be acquitted.

6. Failure of the court to present, in the course of the instructions to the jury, a theory of the case which is found not in the evidence but only in the statement of the accused is not ground for a new trial, where there was on request in writing to charge upon such a theory.

APRIL 11, 1916.

Indictment for murder. Before Judge Cox. Decatur superior court. February 9, 1916.

Will Lampkin was indicted for the murder of Annie Lampkin, his wife. Upon the trial of the case the State introduced eye-witnesses whose testimony showed an unprovoked killing of the decedent by the accused. There was also testimony showing that the wife of the accused was staying in a house of a lewd character, that on the night when she was killed she occupied a bed in a room

with the tenant of the house, a woman named Mollie Kimbrell, and that besides the decedent and Mollie Kimbrell two children of the latter were sleeping in the same room. One of them, Seabell Kimbrell, testified that she saw the defendant enter the room through a window, bringing with him an ax, and that soon after entering he shot the mother of the witness in the face, inflicting a serious wound, and almost immediately thereafter shot and killed his wife. The defendant made a long statement tending to show that his wife was guilty of infidelity and of grossly immoral conduct. But he also claimed that on the night of the killing, at the time of the fatal shooting, a man with an ax was about to strike his wife with it, and defendant shot intending to hit the man who was in the act of assailing his wife. There was no dispute that the accused fired the shot which resulted in the death of his wife. The jury returned a verdict of guilty, and, there being no recommendation, the defendant was sentenced to death. His motion for a new trial was overruled, and he excepted.

*H. G. Bell,* for plaintiff in error.

*Clifford Walker, attorney-general, R. C. Bell, solicitor-general, Frank A. Hooper,* and *Mark Bolding,* contra.

Beck, J. (After stating the foregoing facts.)

1. When the witness Seabell Kimbrell was on the stand she was permitted, over objection, to testify that the accused shot the mother of the witness just before shooting the woman for whose murder he was on trial; and the admission of this evidence over objection is complained of in the motion for a new trial. There is no merit in the exception. The shooting of the mother of the witness and the woman for whose murder the defendant was being tried took place so near together that the shooting of the first was a part of the res gestæ of the transaction which forms the basis of the indictment. And moreover, it was admissible as showing the animus of the defendant and express malice on his part; and admissible in view of the fact that the defendant claimed that the shooting of his wife was unintentional.

2. The presiding judge propounded the following questions to the witness Seabell Kimbrell, introduced by the State, whose testimony showed a clear case of unprovoked murder, eliciting the answers shown: Q. "What time was it that the killing occurred?" A. "I don't know, sir." Q. "Had you been to sleep that night?"

A. "Yes, sir." Q. "Well, how do you know whether he had been in the room or not?" A. "You mean when the shooting taken place?" Q. "Before the shooting took place; you mean that you had not been asleep at all before the shooting occurred?" A. "No, sir." Q. "You had not been asleep that night?" A. "No, sir." Q. "You had not been asleep at all?" A. "No, sir." Q. "So you had been awake all night long?" A. "I had not been to sleep that night before I went to bed." Q. "How long had you been in bed when this man came to the window?" A. "I don't know, sir." Q. "Did he come in the window before midnight or after midnight?" A. "After midnight." Q. "Well, you had not been to sleep?" A. "Yes, sir." Q. "If you had been to sleep you didn't know whether this man had been to the room or not?" A. "No, sir." The movant complains that the examination of the witness by the court, eliciting the answers just set forth, was prejudicial to his cause. Quite the contrary, it seems to us. If there is anything at all in the examination from which the jury might draw an inference as to the mental attitude of the court to the testimony, that inference would not be prejudicial to the accused. There is nothing in the questions asked by the court lending weight to the testimony of the witness.

3. The court did not err in charging the jury as follows: "A reasonable doubt I charge you to be a doubt for which you can give a reason. You have no right to create for yourselves a vague or fanciful doubt in order to acquit the defendant, but the doubt must be one reasonably and fairly entertained on the part of the jury, one that grows out of the testimony or the lack of testimony and leaves the minds of the jury wavering and uncertain, not satisfied." Charges substantially the same as this have been approved by this court.

4. Exception is taken to the following charge of the court: "If you find from the evidence that the defendant committed the homicide alleged, and if, from the evidence establishing the homicide, you find no facts of extenuation or mitigation, you would have the right to imply a felonious killing." This charge is not error. *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

5. The defendant had no ground for complaining of the instruction referred to in headnote 5.

6. The principle stated in the 6th headnote has been several times announced by this court.

The grounds of the motion not specifically mentioned are without merit, and there was sufficient evidence to authorize the verdict.      *Judgment affirmed.*    *All the Justices concur.*