REED *v.* THE STATE.

WYATT, Justice. 1. Without reciting in detail the sordid facts of this case, suffice it to say, the evidence amply authorized the verdict.

2. Error is assigned on the following charge to the jury: "Now, gentlemen, the law presumes that a person intends to accomplish the natural and probable consequences of his conduct, and where a person uses a deadly weapon or instrumentality, in the manner in which such weapons are ordinarily employed to produce death, and thereby causes the death of a human being the law presumes the intent to kill." The criticism urged is: (a) The charge was not adjusted to the issues; (b) it was an expression of opinion by the court that the instrument used was a deadly weapon; (c) it excluded from the jury the right to find that the shoe (the instrument used) was not a deadly weapon, or that it was not used in a manner likely to produce death. The weapon alleged to have been used to club the deceased over the head, from which she died, was a heavy work shoe, the heel of which was bordered with a metal cleat. Elsewhere in the charge the court instructed the jury to the effect that they must believe beyond a reasonable doubt that the accused with the weapon named in the indictment did strike, beat, wound,

choke, cut, and kill the deceased as charged in the indictment, "and that the said weapon or instrumentality used, in the manner used, if one or more was used, was a weapon or instrument likely to produce death." The charge complained of is not subject to the criticism made. *Monday* v. *State*, 32 *Ga.* 672 (79 Am. D. 314); *Johnson* v. *State*, 92 *Ga.* 36 (17 S. E. 974); *Walker* v. *State*, 124 *Ga.* 440 (52 S. E. 738); *Paschal* v. *State*, 125 *Ga.* 279 (54 S. E. 172); *Reed* v. *State*, 168 *Ga.* 731 (149 S. E. 23); *Kennedy* v. *State*, 191 *Ga.* 22 (11 S. E. 2d, 179).

3. Error is assigned on the following charge: "Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof." Since there was testimony to authorize a consideration of the offense of murder, it was not error to give in charge the Code, § 26-1003, defining express malice. *Harris* v. *State*, 178 *Ga.* 746 (174 S. E. 240); *Devereaux* v. *State*, 140 *Ga.* 225 (78 S. E. 849); *Smith* v. *State*, 140 *Ga.* 791 (79 S. E. 1127); *Melton* v. *State*, 186 *Ga.* 660 (198 S. E. 695).

4. Error is assigned on the following charge: "If you return that form of verdict [we, the jury, find the defendant guilty], that would mean, gentlemen, that the defendant would be sentenced to suffer the penalty of death by electrocution at the State penitentiary, unless the jury should see fit to recommend him to the mercy of the court. Now, gentlemen, that is a recommendation which you have the right to make and attach to your verdict in the event you find a verdict of guilty, as charged. You may make that recommendation either with or without reason. You make it for any reason that is satisfactory to you, or you make it arbitrarily with no reason whatever. You may make it as a matter of course, or as a matter of discretion." The charge is alleged to be erroneous because: (a) it is incorrect as an abstract principle of law; (b) it restricted the jury in its privilege of returning a verdict with a recommendation of mercy. It is not subject to the attack made. *Duncan* v. *State*, 141 *Ga.* 4 (80 S. E. 317); *Elder* v. *State*, 143 *Ga.* 383 (85 S. E. 197); *Manchester* v. *State*, 171 *Ga.* 121 (155 S. E. 11). For a full discussion of the cases bearing on this question, see *DuPre* v. *State*, 153 *Ga.* 798 (113 S. E. 428).

5. Error is assigned on the court's failure to give in charge to the jury the law of voluntary manslaughter. There being no evidence of an actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, it was not error to omit to charge the law of voluntary manslaughter. *Simmons* v. *State*, 181 *Ga.* 761 (6) (184 S. E. 291); *Scott* v. *State*, 157 *Ga.* 124 (120 S. E. 773).

6. Error is alleged because the trial judge admitted, over objection, the testimony of a witness to the effect that the defendant made a confession to him, in which the defendant stated in substance that he committed the crime of rape upon the deceased, and then pulled off his shoe and beat her over the head and in the face and left her in a bleeding condition on the ground. The objection is that the alleged confession involved and included a confession of a crime for which he was not on trial, to wit, the crime of rape, and did not amount to a confession of

the crime of murder. "It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense." *Watts* v. *State*, 8 *Ga. App.* 694 (2) (70 S. E. 46) ; *Lampkin* v. *State*, 145 *Ga.* 40 (88 S. E. 563) ; *Swain* v. *State*, 162 *Ga.* 777 (2) (135 S. E. 187).

7. There was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 14782. MARCH 8, 1944.

*Paul M. Conaway, Berner Williams,* and *Will Ed Smith,* for plaintiff in error.

*T. Grady Head,* attorney-general, *Charles H. Garrett, M. H. Boyer,* solicitors-general, and *L. C. Groves,* assistant attorney-general, contra.