34361. ELLIOTT *v.* THE STATE.

Decided January 24, 1953.

458

*Vester M. .Ownby,* for plaintiff in error.

*Paul Webb, Solicitor-General, Wm. Hall, Charlie O. Murphy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The prosecutrix on direct examination testified as to the details of the struggle with her assailants after they had dragged her from the car in the woods, and testified that at one point the defendant hit her in an attempt to force her to commit acts amounting to sodomy. Objection to this testimony was made on the ground that it sought to prove a separate and distinct offense.

The testimony complained of related to acts which were a part of an assault made for the purpose of obtaining sexual gratification, and which were, in point of time and general purpose, intimately bound up with other acts to which the prosecutrix also testified. Where the independent criminal act is so near in point of time and general purpose as to form a part of the res gestae—as where the defendant shot a third person and immediately thereafter shot his wife (*Lampkin* v. *State,* 145 *Ga.* 40 (1), 88 S. E. 563)—testimony relating thereto is admissible. And in sex offenses generally, testimony as to the defendant's attitude and state of mind is more readily admissible than in other cases. *Potts* v. *State,* 86 *Ga. App.* 779 (2) (72 S. E. 2d, 553); *Frank* v. *State,* 141 *Ga.* 243 (2a) (80 S. E. 1016). This contention is without merit.

■ The sworn confession of the defendant was objected to on grounds of self-crimination and duress in obtaining the same. Confessions, if made voluntarily without hope of benefit or fear of injury, are admissible under Code § 38-411; and the fact that the confession is in affidavit form does not render it inadmissible as violating the constitutional inhibition against self-crimination. *Riley* v. *State,* 180 *Ga.* 869 (181 S. E. 154); *Russell* v. *State,* 196 *Ga.* 275 (2, 3) (26 S. E. 2d, 528).

As to the issue of duress, the arresting officer first stated without objection: "Before I talked with him neither myself nor anyone in my presence had made any threats against him or

offered him any reward or threatened him in any way, and any statement that he made was freely and voluntarily made without hope of reward or fear of punishment." The defendant denied this in his statement to the jury, whereupon the officer, recalled, testified in part as follows: "During the time that I was handling this investigation I never did curse either one of these boys or double up my fist at either one of them, or threaten either one of them. I don't ever tell a man that if a case is made I am going to see that he goes to the chain gang. I did not tell him that I would help him get out if he signed the statement, didn't promise him anything. The statement was typed in the course of the investigation procedure. He said he would be glad to make a statement. I didn't tell Jack Elliott that I would try to get him off if he signed the statement and didn't tell him that he would get a long time if he didn't. He read the statement himself and then signed it. Charley Withers was present, the one that took the statement. . . I didn't dictate it and never use the word damned liar to anyone when I am making an investigation. We take statements for our records. It is never compulsory but a witness is asked if he wants to make a statement. He made a statement of his own accord."

It will be noted that the preliminary testimony, laying the foundation for the admission of the confession, substantially follows the rule laid down in *Lemon v. State,* 80 *Ga. App.* 854, 857 (57 S. E. 2d, 626), and that the rebuttal testimony was both positive and detailed. Under this testimony the court. did not err in admitting the confession in evidence.

■ Code § 38-414 provides as follows: "The confession of one joint offender, or conspirator, made after the enterprise is ended, shall be admissible only against himself." It appears from the record, however, that the initial testimony regarding the alleged confession of the codefendant was in the main brought out in cross-examination of the arresting officer by counsel for the defendant; that the State then placed Laracy on the stand and, after he had denied his and the defendant's guilt, confronted him with the sworn confession for purposes of impeachment. At the close of its evidence, the State tendered the confession and the defendant objected as follows: "I object to it, your honor. It was obtained under duress, and was not with-

out fear of injury or hope of reward. It was to help out in his case, he being an accomplice in the same case." There being conflicting evidence as to whether or not the confession was voluntarily made, the admission of the document was proper as against the objection made, and special ground 4, complaining thereof, is without merit. See Code, § 38-1803; *Owens* v. *State,* 139 *Ga.* 92 (2) (16 S. E. 860).

■ Special grounds 5 and 6 complain of the failure of the court to charge without request that the burden of proof is upon the State to satisfy the minds of the jury beyond a reasonable doubt of the guilt of the defendant as charged in the indictment, and to define "reasonable doubt." The court did charge as follows: "Now, this defendant having filed his plea of not guilty to this charge, he enters upon the trial of this case with the legal presumption of innocence in his favor and that presumption remains with him throughout the trial of this case unless and until the State by the introduction of evidence has convinced your minds beyond a reasonable doubt as to his guilt." An identical charge was approved as sufficient in *McDuffie* v. *State,* 54 *Ga. App.* 261 (187 S. E. 672), over the same objection. Nor was it error, in the absence of request, to fail to define the term "reasonable doubt." *Paulk* v. *State,* 148 *Ga.* 304 (2) (96 S. E. 417); *Jordan* v. *State,* 16 *Ga. App.* 393, 400 (85 S. E. 455). These grounds are without merit.

■ The verdict was authorized by the evidence and, no error of law appearing, the judgment overruling the motion for a new trial will not be disturbed.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*