37867.  CHILDERS *v.* THE STATE.

DECIDED SEPTEMBER 28, 1959.

*John D. Edge,* for plaintiff in error.

*R. F. Chance, Solicitor-General,* contra.

CARLISLE, Judge.  George W. Childers was convicted in the Superior Court of Gordon County for the offense of burglary alleged to have been committed on November 15, 1958, by breaking and entering the Red Bud High School in Gordon County. The defendant made a motion for new trial on the general grounds and on three special grounds, and the exception here is to the denial of that motion.

■ In the first special ground of the motion error is assigned "because the following material evidence was illegally admitted by the court to the jury over objection of movant, to wit: . . ," and then follows what appears to be the entire testimony of two witnesses for the State on both their direct and cross-examination. Included in the testimony of one of the witnesses is the reading of the defendant's confession. After quoting the entire testimony of these two witnesses, this ground of the motion continues: "(a) Movant objected to the evidence as soon as and at the time it was offered, and then and there urged before the court the following grounds of objection; that the evidence called for a conclusion that it was hearsay, and that the State had not at the time laid the foundation for the admission, that the alleged confession brought in other crimes, some of which were subsequent to the one for which the defendant was on trial."

"It is questionable whether the assignment of error properly presents the complaint of plaintiff in error; because it is not error, where testimony is objected to as a whole and any part of it is admissible, to overrule the objection as not properly made, for the court is not required to sift the wheat from the chaff." *Swain* v. *State,* 162 *Ga.* 777, 781 (135 S. E. 187). Nevertheless, it is apparent from this ground that what the plaintiff in error is complaining of is the reading in evidence by one of the witnesses of his confession. This confession begins by relating a series of events prior to the commission of the burglary in question, which narrative includes information to the effect that the defendant and an accomplice (not now on trial), had stolen two automobiles including one used in the commission of the burglary in question, it continues by mentioning the burglary in question and the subsequent break-in entering at another place apparently on the same occasion or same night the theft of a third automobile, also apparently on the same night, though it is not clear, and thereafter a subsequent fourth automobile theft some four or five days after the burglary in question, and concludes with the indefinite statement that the accomplice and the defendant broke into a particular establishment three different times. A careful and repeated reading

of this confession as read into the record by the witness leaves one confused as to the exact chronology of events related thereby. It is not exactly clear just when some of the events attempted to be related by the defendant took place, but it *is* apparent that they were all a part of the same transaction, an enterprise or conspiracy entered into by the defendant and others to burglarize the Red Bud School. The trial judge undoubtedly admitted this evidence on the theory that all of the events related in the defendant's confession were a part of the res gestae, and it is not apparent from the record in this case that he was in error in so doing. We, of course, recognize the general rule that on prosecution for a particular crime, evidence which in any manner tends to show that the accused has committed another crime wholly independent from that for which he is on trial, is irrelevant and inadmissible. One of the exceptions to this rule, however, is where the other criminal transaction is a part of the res gestae. *Hill* v. *State,* 161 *Ga.* 188, 189 (2) (129 S. E. 647) ; *Bradbury* v. *State,* 170 *Ga.* 859 (2) (154 S. E. 344) ; *Randall* v. *State,* 176 *Ga.* 897 (1) (169 S. E. 103) ; *Hill* v. *State,* 201 *Ga.* 300 (1) (39 S. E. 2d 675); *Ray* v. *State,* 4 *Ga. App.* 67 (3) (60 S. E. 816); *Hall* v. *State,* 7 *Ga. App.* 115 (6) (66 S. E. 390). This rule is no different if such evidence of another crime happens to be included as a part of the defendant's confession which is admitted in evidence. *Reed* v. *State,* 197 *Ga.* 418 (6) (29 S. E. 2d 505) ; *Watts* v. *State,* 8 *Ga. App.* 694 (2) (70 S. E. 46). Assuming, but not deciding, that this ground of the motion for a new trial properly raised the question that the admission in evidence of this confession of the defendant placed his character in issue in that it amounted to the admission in evidence of evidence of other crimes, it was without merit.

As to the objection that no proper foundation for the admission of the confession had been laid by the State, it is sufficient to state that witnesses for the State testified that the defendant made the statement voluntarily; that the witness who took the statement, a police officer or deputy sheriff, happened to stop by the jail one night after having gone to a ball game with his wife; that the defendant heard him and called him to his cell and said that he wished to make a statement and the witness

and his wife sat down and transcribed the statement then and there. Even if, as contended by counsel for the defendant, the defendant had been held "incommunicado" for four days, it does not appear from the evidence that the written statement or confession was given by the defendant and signed by him during that four-day period, or that the defendant was deprived of any of his rights in immediate connection with the giving of the confession. Testimony as to the circumstances under which the statement was taken was given by the witness in rebuttal, and under all the facts and circumstances the foundation laid sufficiently conformed to the test laid down in *Lemon* v. *State,* 80 *Ga. App.* 854 (57 S. E. 2d 626). See also, *Elliott* v. *State,* 87 *Ga. App.* 456, 458 (2) (74 S. E. 2d 366).

None of the other criticisms of this testimony are meritorious, and the trial judge did not err in overruling the first special ground of the motion for new trial.

■ Special ground 2 complains because the court permitted a witness for the State to testify that the principal of the school called him one morning and said, "they had been burglarized." This ground recites that counsel for the defendant objected to this evidence on the ground that it was hearsay evidence, and that the trial court admitted the evidence and stated that he would instruct the jury that such evidence had no probative value, but that the court failed to do this and that therefore movant had a perfect right to have this principle of law included in the charge. It is not apparent how the defendant was harmed by the admission of this evidence. There was ample evidence otherwise introduced proving that a burglary had been committed at the Red Bud School. This witness and others who testified on behalf of the State testified as to the physical findings at the school with respect to the breaking and entering of the premises. The admission of harmless hearsay evidence is not ground for a new trial. *Webb* v. *State,* 13 *Ga. App.* 733 (6) (80 S. E. 14) ; *South Georgia Ry. Co.* v. *Niles,* 131 *Ga.* 599 (3) (62 S. E. 1042).

■ The special ground 3 reads as follows: "That the court charge was not complete as he undertook to instruct the jury on the law relating to confession which did, leave the jury under

the impression that they could lawfully render a verdict of guilty upon the confession alone. It was therefore, essential to the fairness of the trial that the jury should have distinctly understood that they could not lawfully convict upon confession alone, and that it was encumbent upon them to pass on and determine the all important question whether or not the confession, if proved to their satisfaction, was corroborated by other evidence which, in connection with the confession itself, was sufficiently strong and convincing to satisfy their minds beyond a reasonable doubt of the guilt of the accused. It is not at all improbable that the jury were thus led to believe that, if fully satisfied that the alleged confession was in fact made, they would be authorized to base a conviction thereon, if they saw fit to attach that much weight to the same." This ground is so incomplete and confusing as to present nothing for decision by this court. It does not set out therein or incorporate by reference what the court did, in fact, charge with regard to confession. It does not show how such charge was incomplete, or by what process of reasoning it is contended that it gave the jury the impression that they could render a verdict of guilty upon confession alone. Finally, it is impossible to tell whether this ground is complaining of an erroneous charge or the failure of the court to charge some principle of law without request therefor, and under such circumstances it presents no question for decision by this court.

■ The evidence authorized the verdict. There was evidence that the defendant had pawned certain of the merchandise taken from the Red Bud School and had sold other items to certain individuals for sums relatively small in comparison with the probable value of the merchandise. The defendant's explanation that he had purchased the merchandise from a third party and subsequently had pawned part of it and had resold part of it for substantially the same price which he claimed he purchased it for, apparently was not believed by the jury, and their verdict finding against him was authorized.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*