## 46857.   McKENZEY v. THE STATE.

CLARK, Judge. Defendant-appellant appeals from a judgment of conviction and sentence for the felony offense. of credit card theft.

There was evidence that the defendant on March 10, 1970, was in the possession of a "Master Charge" credit card bearing the name of "Thomas J. Covington" without Covington's consent. Covington testified that his home had been burglarized on March 1, 1970, and his wife's jewelry box, which contained the card, had been taken. There was evidence that defendant registered himself at a motel under the name of Covington and proffered the card to pay for the room.

1. The defendant moved for a directed verdict (see *Code Ann.* § 27-1802; Ga. L. 1971, pp. 460, 461) contending the State had failed to prove the case as alleged in the indictment and had not shown any intent on the part of defendant to commit a crime or that he had committed a crime. The denial of this motion is enumerated as error.

The indictment charged defendant with acts which are made a crime by statute. *Code Ann.* § 26-1705.2 (1); Ga. L. 1969, pp. 128, 130. There was evidence to support the allegations of the indictment. The question of the defendant's intention was a matter the jury was authorized to find from the evidence relating to defendant's actions and conduct. *Cole v. State,* 118 Ga. App. 228 (163 SE2d 250); *Johnson v. State,* 9 Ga. App. 409 (3) (71 SE 507); former *Code* § 26-202. The evidence did not demand a verdict of acquittal and the trial court did not err in denying the motion therefor.

2. At the close of the State's case the defendant made a motion for a mistrial "based on the State's witness having injected into the trial the fact of possibly another crime and alleging somewhat that this defendant may have had something to do with that crime and I feel it has prejudiced the minds of the jury to such an extent that a mistrial should be directed."

It appears from appellant's brief that he is referring to testimony by Covington that the card had been taken when his home had been burglarized.

There was no error in denying this motion. In point of fact, defendant was indicted for unlawfully taking the card as well as receiving and attempting to use same knowing it had been unlawfully obtained. The indictment, which conforms to *Code Ann.* § 26-1705.2 (1), supra, was not attacked below. The State was at liberty to submit proof of the commission of any of the acts alleged in the indictment. *Barbour v. State,* 21 Ga. App. 243 (1) (94 SE 272). Evidence that the card in question was discovered missing from its normal location following a burglary was admissible.

Even under the "other crimes" inhibition (see *Bacon v. State,* 209 Ga. 261 (71 SE2d 615)), this objection is not good because the evidence was sufficient to authorize an inference that the credit card was taken in the course of a burglary. Evidence as to the burglary is therefore admissible as a part of the res gestae, which is one of the exceptions to the rule. *Hill v. State,* 161 Ga. 188 (129 SE 647); *Swain v. State,* 162 Ga. 777 (135 SE 187); *Bradberry v. State,* 170 Ga. 859 154 SE 344); *Randall v. State,* 176 Ga. 897 (169 SE 103); *Reed v. State,* 197 Ga. 418 (29 SE2d 505); *Hill v. State,* 201 Ga. 300 (39 SE2d 675); *Hall v. State,* 7 Ga. App. 115 (66 SE 390).

3. The court also denied a motion for mistrial made by appellant during the State's argument in the sentencing phase of the case. The motion was made on the ground that the State was arguing that the credit card was stolen during a burglary. We do not have the text of the actual remarks in the record and we will not assume the trial court abused the wide discretion it has in passing on motions for mistrial. Furthermore, as we have pointed out above, the State was authorized to prove, if it could, that the defendant had taken the card from Covington's home. Argument of counsel based on deductions or inferences from evidence is permissible. *Ingram v. State,* 97 Ga. App. 468 (6) (103 SE2d 666); *O'Bryant v. State,* 222 Ga. 326, 328 (149 SE2d 654). No error has been made to appear.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*
Submitted January 6, 1972—Decided February 17, 1972.

*Parker, Parker & Rary, J. C. Rary, Lewis M. Groover, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Creighton W. Sossomon, Carter Goode,* for appellee.