## 47366. McKENZEY v. THE STATE.

Evans, Judge. The defendant was indicted, tried and convicted of two counts of forgery in the first degree and was thereafter sentenced to serve five years on each count, the second five years to follow the first. The appeal is from the judgment and sentence and from the denial of a motion for new trial. *Held:*

1. The burden is always on the appellant in asserting error to show it affirmatively by the record. *Roach v. State*, 221 Ga. 783 (4) (147 SE2d 299); *Kemp v. State*, 226 Ga. 506 (2) (175 SE2d 869); *Riggins v. State*, 226 Ga. 381, 383 (174 SE2d 908); *Lott v. State*, 123 Ga. App. 781 (2) (182 SE2d 546); *Manning v. State*, 123 Ga. App. 844 (4) (182 SE2d 690). Further, injury resulting from such error must also be shown. *Smith v. State*, 224 Ga. 750 (2, 3) (164 SE2d 784); *Brooks v. State*, 125 Ga. App. 867 (3) (189 SE2d 448); *Robinson v. State*, 229 Ga. 14 (1) (189 SE2d 53). Where the defendant was notified before the trial that evidence in aggravation would be introduced as a part of the pre-sentencing trial, and made no motion for continuance on the ground of surprise, he cannot contend that he was not timely notified of the State's intention to present such evidence in aggravation. This is particularly true in this instance, where the evidence presented was as to a previous conviction of the defendant in a case substantially identical with the case on trial, and in which earlier case he was represented by the same counsel. See *McKenzey v. State*, 125 Ga. App. 508 (188 SE2d 116) which is on all-fours with the case sub judice.

2. The defendant was indicted for credit card forgery. The evidence showed that the credit card in question was taken from the owner in a burglary which occurred on the same day that the credit card was allegedly used by this defendant. As was held in *McKenzey v. State*, 125 Ga. App. 508 (3), supra, the evidence as to burglary is admissible as a part of res gestae, and is one of the ex-

ceptions to the rule regarding inhibition as to evidence of other crimes. See *Hill v. State,* 161 Ga. 188 (129 SE 647); *Swain v. State,* 162 Ga. 777 (135 SE 187); *Randall v. State,* 176 Ga. 897 (169 SE 103); *Reed v. State,* 197 Ga. 418 (29 SE2d 505); *Hill v. State,* 201 Ga. 300 (39 SE2d 675); *Hall v. State,* 7 Ga. App. 115 (66 SE 390). Further, when this testimony was allowed in evidence the court properly instructed the jury: "This defendant is only on trial for the crime stated in the indictment . . . I am permitting the background of the case so the jury may get a better idea of all of the facts. . ." (Tr. pp. 5, 6, 9, 10, 11, 13). There is no merit in the contention that the testimony in regard to the burglary was irrelevant, inadmissible, and violated the general rule that in the prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime, wholly independent of that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. See *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615). The burglary occurred the same day and was logically connected to the offense. It cannot be said that it was a transaction independent from the use of the same card illegally. Hence, this evidence was relevant and admissible. There is no merit in this enumeration of error. *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177).

3. The evidence disclosed that the alleged crime was traced to this defendant after the burglary was reported. The owners of the cards were shown photographs of a number of persons and this defendant was identified from such photographs. On the trial these witnesses made an incourt identification which they testified was based on the fact that they recognized the defendant as the forger, independently of photographic identification. Counsel cites several Supreme Court decisions prohibiting incourt identifications when impermissive suggested tactics have been utilized by law enforcement officers. But no impermissive photographic procedure here was used

when a private investigator for the credit card company showed these witnesses approximately 50 to 60 photographs, from which they identified the defendant. This identification led to his arrest. See *Carmichael v. State,* 228 Ga. 834 (188 SE2d 495). We have examined United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178); and Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) and none of these cases would be controlling here. There is no merit in the complaint that the constitutional rights of the defendant were violated in permitting the introduction of testimony identifying the defendant because allegedly impermissive photographic identification procedures were used. See *Moye v. State,* 122 Ga. App. 14, 17, (176 SE2d 180); *Baier v. State,* 124 Ga. App. 334 (1) (183 SE2d 622).

4. Having considered each and every enumeration of error, and finding no error, the judgment must be

*Affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 5, 1972—DECIDED OCTOBER 13, 1972.

*Parker, Parker & Rary, J. C. Rary, Lewis M. Groover, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg,* for appellee.

