## 59702. LEE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for rape and armed robbery.
*Held:*

1. Enumerations of error 1 and 2 pertain to the admission of defendant's tape recorded confession. It is first claimed that the state did not establish by a preponderance of the evidence that the confession was voluntarily made. The confession was obtained in a county jail in Tennessee, where defendant was incarcerated, by a detective from the Cobb County, Georgia, Police Department, a Georgia Bureau of Investigation agent, and a Tennessee Bureau of Investigation agent.

The Cobb County detective's testimony in a Jackson-Denno hearing was that when they first interviewed defendant he was advised of his Miranda rights and refused to sign a waiver of rights or to give any statement. Defendant told them to come back the next day and he might talk to them. The following day defendant was again advised of his rights and signed a waiver thereof. He did not ask for a lawyer but was permitted to use the telephone. After talking with defendant a tape recorded confession was obtained. No threats, promises or inducements were used to get the confession.

Defendant testified that he called his sister and told her to contact a lawyer; that he asked for a lawyer; that the officers threatened to kill him and make it look like he was escaping if he did not confess; and that as a result he signed the waiver and related the story they directed him to tell which was recorded on the tape recorder. At the end of the tape when he was asked if he was threatened he started to say that the confession was coerced but the tape recorder was turned off. The tape recording was played and included the advisement and waiver of rights as well as the confession. At the end of the tape defendant was asked if any threats or promises had been made in obtaining his statement. Something inaudible was said, someone said "cut that off," and the tape ended. After the confession was admitted the detective and defendant substantially repeated the foregoing before the jury and the GBI agent also testified corroborating the detective on how the confession was obtained. Contrary to defendant's testimony, he stated that defendant indicated he had not been threatened before the tape ended.

Defendant also claims that the lack of an audible response to whether he was threatened and the shutting off of the tape recorder shows that a proper foundation was not laid for its admission because his response is not on the recording.

"The standard for determining the admissibility of confessions is the preponderance of the evidence. Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972); *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974); *Hurt v. State,* 239 Ga. 665, 669 (238 SE2d 542) (1977). To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. Clewis v. Texas, 386 U. S. 707 (87 SC 1338, 18 LE2d 423) (1967); *Pierce v. State,* 238 Ga. 126 (231 SE2d 744) (1977) . . . Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. United States v. Watson, 469 F2d 362, 365 (5th Cir. 1972); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974); *High v. State,* supra; *Hurt v. State,* supra." *Gates v. State,* 244 Ga. 587, 590 (261 SE2d 349). We find that the trial court's determination was not clearly erroneous and that there was no error in the admission of the confession.

2. In the third enumeration defendant claims error because the trial court did not exclude from the jury's consideration the portions of his confession in which other crimes were admitted. The tape recorded confession was played to the jury in its entirety. In it defendant related that in June 1976 he left North Carolina where he was outlawed. He went to Savannah, Georgia where he took some license tags from another car and put them on his car. After going to

Florida he came to Atlanta on June 20, 1976. Early on June 22, he was arrested and jailed in Atlanta under an assumed name as a material witness (to what is not explained) and was released later the same morning. In the afternoon of that day he drove out of Atlanta looking for a place he could get some money, picked the victim's house at random (it was in Cobb County), and committed the robbery and rape charged. He returned to Atlanta, spent the night, and left on June 23 heading toward Tennessee. He went to Jasper, Georgia, where he found a house on a back road, robbed the housewife, and took her pants off but did not rape her. He then drove into Tennessee and some place south of Knoxville sold some of the things he had obtained in the robberies. The following morning he met a girl in Knoxville, told her that he was wanted in some states and was on the run and outlawed in North Carolina, that he had a sawed-off shotgun and other weapons in his car, and that he was going to rob someone. He drove out of Knoxville about 30 miles looking for a house he could break into and get money or guns. Near Crossville he found a house with only a small child and a girl at home which he robbed of money and guns. He tied the girl up on a bed but did not molest her because she was too young. He drove back to Knoxville and was arrested the same evening while trying to sell the guns he had taken.

Before the tape was played to the jury, defendant made a motion to exclude from their consideration "that portion of the tape dealing with other similar crimes," which was denied. No objection was made to the crimes which were not similar. Not having raised the issue of dissimilar crimes in the trial court, any claim of error on their account is waived. *Smith v. State,* 142 Ga. App. 406 (1) (236 SE2d 107).

The admission of that portion of the confession admitting other crimes was not error. " 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. *Watts v. State,* 8 Ga. App. 694 (2) (70 SE 46); *Lampkin v. State,* 145 Ga. 40 (88 SE 563); *Swain v. State,* 162 Ga. 777 (2) (135 SE 187).' *Reed v. State,* 197 Ga. 418 (6) (29 SE2d 505)." *Ledford v. State,* 215 Ga. 799 (6), 805 (113 SE2d 628).

In addition, the two similar type crimes were committed in a similar fashion on the two days following the commission of the crime charged. Evidence of similar independent crimes committed by a defendant is admissible if there is "sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]" *French v.*

*State,* 237 Ga. 620, 621 (229 SE2d 410). Evidence "concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515).

The contention that the trial court erred by not charging the jury on the limited consideration to be given evidence of other crimes is also without merit. After the confession was heard by the jury, the trial court instructed them that they were to consider evidence of other crimes solely as bearing on defendant's state of mind or intent in connection with the offenses being tried. Defendant made no request that the jury again be so instructed in the charge. "The court did not err '. . . in his general charge to the jury, in failing to instruct the jury . . . without any request therefor, the purposes for which the evidence might be considered, and that they could only consider the evidence (for a limited purpose) . . .' [Cit.]" *Cochran v. State,* 144 Ga. App. 820 (2) (242 SE2d 735).

3. The fourth enumeration is that the trial court erred in denying a motion for mistrial because the Cobb County detective put defendant's character in issue by testifying that during his search for the perpetrator of the offenses he had been told that "a lookout had been placed for a Edison DeLane Lee from North Carolina in regard to the shooting of a highway patrolman." The trial court immediately instructed the jury to completely disregard the statement and then denied the motion for mistrial.

In support defendant cites *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396), in which the chief prosecution witness volunteered on two occasions information intimating uncharged criminal activity on the part of defendant which placed her character in issue. A motion for mistrial was denied. Although the trial court instructed the jury to disregard the testimony, the court found this cure inadequate because an experienced GBI agent who should know better deliberately injected the uncharged misconduct to strengthen the state's case and that there was no way for the jury to disregard statements made by the agent.

The facts in this case are distinguishable from those in the *Boyd* case. Here, the statement was made but once and the police officer, although experienced, was merely responding in narrative form to questions asking him to explain what he did to attempt to locate and identify the person who had committed the offenses. As this is not a factually weak case, it does not appear to us to be an attempt to interject evidence of other crimes to strengthen a weak case as was inferred in *Boyd.*

"Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary

remark of a witness not invited by court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]" *Holcomb v. State,* 130 Ga. App. 154, 155 (202 SE2d 529).

Also, defendant subsequently testified in cross examination without objection that he was wanted for shooting a highway patrolman after having opened the subject in direct examination. "The admission of such testimony was not error, however, since substantially the same testimony was admitted without objection. [Cit.]" *Kent v. State,* 128 Ga. App. 132 (2), 135 (195 SE2d 770).

4. The final enumeration is that the trial court erred in refusing to grant defendant a continuance to find a certain alibi witness. The authority cited by defendant is factually distinguishable as the witness' location was known and he was refusing to obey a subpoena. Here the witness' location was unknown and she had not been subpoenaed. When defendant was unable to establish by any evidence that he would ever be able to obtain the whereabouts of a witness, "the trial judge did not abuse his discretion in denying the motion for continuance. [Cits.]" *Harris v. State,* 142 Ga. App. 37 (3), 39 (234 SE2d 798).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED APRIL 9, 1980 — DECIDED MAY 9, 1980 —

*Thomas J. Browning,* for appellant.
*Thomas J. Charron, District Attorney, Debra Halpern, Assistant District Attorney,* for appellee.