## 32615. ALEXANDER v. THE STATE.

BOWLES, Justice.

Appellant was arrested for selling marijuana and charged with the violation of Code Ann. § 79A-811 (j). Subsequent to arrest, an attorney was appointed to represent him. Appellant waived indictment and upon arraignment pled guilty as charged. The court accepted the appellant's plea and sentenced him to a term of five years; one to be served and the balance probated. It is from this conviction and sentence that appellant files this appeal, raising for the first time the constitutionality of Code Ann. §§ 79A-811 (j) and 79A-9917.

It is well settled that "[T]his court will not pass upon the constitutionality of a statute unless it clearly appears that the point was properly raised in the trial court and passed on. *Tant v. State,* 226 Ga. 761 (177 SE2d 484) (1970)." *Thornton v. State,* 234 Ga. 480 (216 SE2d 330) (1975).

We have thoroughly read the record in the present case, and it is clear that the constitutionality of Code Ann. §§ 79A-811 (j) and 79A-9917 was not raised by the parties

in the trial court, nor was it the subject matter of a ruling by the trial judge. For these reasons, the constitutionality of these statutes cannot now be attacked for the first time on appeal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 5, 1977 — DECIDED SEPTEMBER 29, 1977.

*Black & Black, Eugene C. Black,* for appellant.
*A. Wallace Cato, District Attorney,* for appellee.
*Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* amicus curiae.