## 58377. LAKES et al. v. THE STATE.

BIRDSONG, Judge.
Appellants Rhonda Lakes and Oliver Thompson, and another man, were clocked for speeding in a white 1977 Buick LeSabre barely twenty minutes after the Ware County Sheriff's Department received a call from a Mr. Sullens reporting that one black female and a black male had held a shotgun on him, kidnapped him, forced him to follow a third man in another car, and then stole his white 1977 Buick LeSabre. The state trooper who had already determined to stop the car for speeding heard the sheriff's bulletin while in pursuit of the car and verified the car's

tag number as that of the stolen Buick. Appellants and Franklin Delano Rivers were taken into custody. Oliver Thompson was searched and in his pants pockets were found $24 in currency, five shotgun shells that matched two guns found in the car, and a watch bearing Mr. Sullens' name. A set of car keys found in the back seat of the Buick fit a 1965 Rambler stationwagon which Mr. Sullens identified as the vehicle Rivers drove when appellants commandeered the Buick. The Rambler was later found abandoned. Mr. Sullens stated, and later testified, that he was sitting in his automobile at a department store parking lot when a black female got in the car with him and, a minute later, a black male got in the back seat, and pointed a shotgun at him. At the man's direction, Sullens started his car and followed a Rambler stationwagon being driven by another black male. Mr. Sullens followed the Rambler into a wooded area where his abductors tied him up, relieved him of his watch, wallet and about $30, threatened to kill him if he moved before they returned, bound him further with a sheet and his shoelaces, and finally left. The victim freed himself and called the sheriff from a nearby house. Later, at the police station, Mr. Sullens identified Lakes as the woman abductor from ten or twelve women's photographs, and identified Thompson from a like number of men's pictures. At the committal hearing, Mr. Sullens identified Rivers as the man who got in his automobile and held a shotgun on him, but at the trial Mr. Sullens positively identified appellants Thompson and Lakes as the man and woman who got in his car and forced him at gunpoint to follow the Rambler stationwagon. Both Lakes and Thompson, after being advised of their constitutional rights, gave statements to the police. Lakes stated she had stolen the Rambler stationwagon from a man in Atlanta after having sex with the man, and that she and Thompson had then driven to Waycross to visit Rivers. Both appellants, in some detail, admitted committing the acts with which they were charged; each appellant's statement referred to the activities of the other in pursuance of the acts against Mr. Sullens. From convictions for armed robbery, kidnapping, and motor vehicle theft, Lakes and Thompson appeal, citing five errors of the trial

court. *Held:*

1.  In Enumerations 1, 3, and 4, appellants claim that the trial court erred in ruling, or stating, in the jury's presence following the Jackson-Denno hearing that the confessions of appellants were freely and voluntarily made; that it was error to permit the district attorney to establish voluntariness of the confessions by asking leading questions of the police officers; and that it was error to admit the statements into evidence since each statement constituted inadmissible hearsay against the other appellant. Assuming, without deciding, that appellants are correct, if appellants' confessions in all their implications had been excluded in the trial of this case, the remaining evidence is yet sufficient to authorize, even demand, the convictions. Accordingly, the alleged errors, including those which might rise to constitutional proportions under Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476), were harmless. See *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133). The rule has been established in Georgia that, at least in nonconstitutional errors, "where it is highly probable that the errors did not contribute to the judgment," the error is harmless. *Johnson v. State,* 238 Ga. 59, 60-61 (230 SE2d 869). Inasmuch as we find it an uneasy proposition to announce what evidence or what error, as a matter of fact, "probably" contributed or did not contribute to a jury's verdict (see, e.g., Justice Ingram's dissent in *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515)), we prefer to base our decision upon the premise that the evidence in this case, excluding all challenged matter concerning the confessions, is sufficient to sustain, even demand, the convictions, and that therefore the assumed errors were harmless. *Cauley v. State,* 130 Ga. App. 278, 279 (2), 286-288, 290-293 (203 SE2d 239). Having so concluded, we are more at ease in holding, as we must (*Johnson,* supra), that it was highly probable the assumed errors did not contribute to the convictions.

2.  Appellants urge in enumeration of error 2 that the trial court erred when it allowed testimony concerning the stolen vehicle. The evidence referred to originated in, and was admitted as part of, appellant Lakes' statement, wherein she explained how she and Thompson came to be

in Waycross in the 1965 Rambler stationwagon. The trial court having determined the voluntariness of her statement, we see no error in the admission of the entire statement, including the portion of it which admits to a separate and distinct offense. *Watts v. State,* 8 Ga. App. 694 (2), 695 (70 SE 46); see also *Ledford v. State,* 215 Ga. 799, 804-805 (113 SE2d 628); and *Childers v. State,* 100 Ga. App. 250, 251-252 (110 SE2d 703). The statement by Lakes that she had stolen a 1965 Rambler stationwagon from a man in Atlanta and had picked up Thompson on Peachtree Street, and that they had traveled to Waycross to meet Rivers, is not irrelevant. Even in the absence of any other evidence, it clearly and unmistakably tends to connect and identify her as the woman who, with Thompson, abducted Mr. Sullens at gunpoint and forced him to follow in the 1965 Rambler stationwagon. Accordingly, we think that the reference to the stolen Rambler stationwagon, even if it had not been part of appellant Lakes' own voluntary statement, would be admissible. See *Hamilton,* supra, p. 75; *Frank v. State,* 141 Ga. 243, 257 (80 SE 1016), quoting People v. Molineux, 168 N. Y. 264 (61 NE 286); *McKenzey v. State,* 127 Ga. App. 304, 305 (193 SE2d 226). In any event, no harm has been shown by Lakes affecting the outcome of the case, for the evidence against her was otherwise sufficient to sustain her conviction (see the holding in this case, Division 1).

3. Appellants' enumeration of error no. 5 contends, on general grounds, that the evidence did not support the verdict. We have disposed of this point in Division 1 of this opinion, wherein we found the evidence, even excluding all material contained or implied in appellants' statements, to be sufficient to uphold the convictions. Appellants and Rivers were found in Mr. Sullens' car barely twenty minutes after Mr. Sullens escaped and called the police, Mr. Sullens' personal property was found in their possession, and appellants were positively identified by him both from photographs and at trial as the persons who had abducted him at gunpoint and stolen his car. There is no reasonable doubt that appellants committed the crimes as charged.

*Judgment affirmed. Quillian, P. J., and Smith, J.,*

*concur.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 16, 1979.

*Derek Harrison Jones,* for appellants.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.