### 62258. LANEY v. THE STATE.

SHULMAN, Presiding Judge.

After hearing several days of testimony, a jury found appellant guilty of a two-hour crime spree in which he committed armed robbery, motor vehicle theft, kidnapping with bodily harm (rape), aggravated assault, and three counts of attempted armed robbery. Following the jury's verdict, appellant was sentenced to two terms of life imprisonment, four terms of ten years, and one term of seven years, all to run consecutively. Appellant now contends that his convictions should be reversed. We disagree.

1. In his first enumeration of error, appellant maintains that the trial court erred when it refused to disqualify a juror for cause. In response to a question asked by defense counsel, a juror stated that she might subconsciously identify with a rape victim. Previously, the juror had said that her mind was perfectly impartial between the state and the defendant. See Code Ann. § 59-806 (3). Although the juror's response to defense counsel's question indicated a possible bias or prejudice on her part, the juror's opinion was not shown "to be so firm or fixed as to be unyielding." *Holloway v. State,* 137 Ga. App. 124 (2) (222 SE2d 898). See also, *Sullens v. State,* 239 Ga. 766 (1) (238 SE2d 864). Thus, no error resulted when the trial court refused to remove the juror for cause.

2. Appellant next asserts that evidence of his character was improperly admitted when a South Carolina physician identified appellant as "a patient who was brought to [the doctor] in the emergency room by the Aiken County Sheriff's Department to obtain samples of blood." After defense counsel objected, the trial court instructed the jury not to infer that appellant had been charged with any offense in South Carolina and to disregard the fact that blood had

been taken from appellant while in the custody of South Carolina officers.

Evidence which shows or tends to show that the defendant has committed another crime independent of the offenses for which he is on trial is irrelevant and inadmissible. *Brown v. State,* 118 Ga. App. 617 (165 SE2d 185). The doctor's description of appellant in no way intimated that appellant had committed a crime for which he was not presently being tried. Even if the testimony had had the effect of placing appellant's character in issue, the instructions given to the jury by the trial court were sufficient to cure any error. *High v. State,* 153 Ga. App. 729 (2B) (266 SE2d 364).

3. Appellant also claims that additional evidence of his character was erroneously allowed in by the trial court. Specifically, appellant complains of the references to the Aiken County Sheriff's Department that several state witnesses made in regard to the blood samples used as evidence against appellant. Each reference objected to by appellant was in response to a question seeking to ascertain the chain of custody of the blood samples. Inasmuch as an officer of the Aiken County Sheriff's Department witnessed the withdrawal and labeling of the blood and then delivered it to the Georgia Crime Lab, references to that office were necessary to establish the chain of custody. Contrary to appellant's assertions, no evidence of appellant's incarceration in Aiken County was introduced.

4. Appellant returns to the issue of his character in his eighth enumeration of error in which he urges as error the admission of his taped confession into evidence. On the tape, appellant not only mentioned each of the crimes for which he was convicted, but also referred to a shooting in which he took part in South Carolina. Appellant maintains that the admission of this latter portion of the taped confession was improper since it concerned a separate dissimilar offense. " 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. [Cits.]' " *Ledford v. State,* 215 Ga. 799, 805 (113 SE2d 628). See also *Lakes v. State,* 151 Ga. App. 769 (2) (261 SE2d 744).

5. Vials of blood taken from appellant and his co-indictee (who was tried separately) were used against appellant. He maintains that it was error to admit the vials since there was insufficient evidence to establish the chain of custody of the blood samples. This enumeration is meritless in light of the testimony of various state witnesses. Dr. Hewitt, who drew the blood from appellant and his co-indictee, testified that he gave the envelopes containing the blood samples to a police officer. Officer Bell of the Aiken County Sheriff's

Department testified that Dr. Hewitt took the blood samples from appellant and his co-indictee and labeled the vials in the presence of the officer. Bell then sealed the vials in envelopes and delivered them to technicians at the Georgia Crime Lab. The technicians also testified that they received the vials in question from Officer Bell.

"[T]here is nothing in the record that creates a suspicion that the blood tested was other than that taken from the defendant [and his co-indictee]. The identity of such blood samples need not be proved beyond all possibility of doubt or that all possibility of tampering with them be excluded." *Patterson v. State,* 224 Ga. 197 (2) (160 SE2d 815). "[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration . . ." *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). In the present case, the state's evidence was sufficient to establish with "reasonable certainty" that there had been no tampering with or alteration of the evidence. See *Thornberry v. State,* 146 Ga. App. 827 (3) (247 SE2d 495). Thus, appellant's enumeration of error is without merit.

6. When defense counsel made a chain of custody objection to the state's tender of the blood samples for admission into evidence, the assistant district attorney asked to withdraw the exhibits temporarily and move again for their admission after the testimony of Officer Bell. The trial court agreed to the withdrawal, stating, "Well, it might be better to get him. I think the rule has been relaxed though. The appellate courts have relaxed the rule on the chain of custody from what it was . . . But if you've got him coming you can take care of it then." Appellant asserts that this statement by the trial court expressed or intimated its opinion that the chain of custody had been established and any doubt thereof would be dispelled by the testimony of Officer Bell. See Code Ann. § 81-1104.

The trial court's comment did not constitute an impermissible judicial comment on the evidence. By means of its remark, the court agreed with defense counsel that a complete chain of custody had not been established and agreed to reconsider the issue subsequent to Officer Bell's testimony. Any opinion which the trial court may have held regarding the effect Officer Bell's testimony would have on the chain of custody was not expressed in the remark singled out by appellant.

7. It was, as appellant urges, error for the trial court to allow testimony regarding the blood type of appellant's co-indictee and to admit into evidence a blood sample from the co-indictee. That evidence was wholly irrelevant to the issues involved in appellant's trial. However, admission of the testimony and evidence was not *harmful* error since appellant's own blood samples tied him to the

crimes with which he was charged, and the four victims of the crime spree positively identified him as a participant in the crimes against them.

8. Appellant assigns error to the trial court's ruling which allowed Detective B. T. Jones to testify in rebuttal although the witness had not been put under the rule of sequestration which defense counsel had invoked. Jones, the state's chief investigator of the case, had been present when appellant made his confession and was called in rebuttal of the defendant's testimony that he had not made his confession voluntarily.

The enforcement of the sequestration rule is an administrative function of the trial court, and the manner of its exercise rests largely in the discretion of the court. *Hudgins v. State,* 13 Ga. App. 489 (1) (79 SE 367). The trial court's decision will not be disturbed unless an abuse of that discretion is clearly shown. *Larkins v. State,* 230 Ga. 418 (1) (197 SE2d 367). The trial court did not abuse its discretion when it allowed the police detective to testify in rebuttal after remaining in the courtroom in violation of the rule of sequestration invoked by defense counsel. *Floyd v. State,* 156 Ga. App. 741 (2) (275 SE2d 786).

9. Next, appellant complains that the trial court incorrectly allowed the state to use evidence of appellant's conviction for murder in South Carolina to impeach appellant. On direct examination, appellant denied that he had taken part in the crimes mentioned in his taped confession. On cross examination, appellant denied being in the company of his co-indictee on June 2, 1979. As was mentioned in Division 4, the tape contains appellant's confession that he took part in a shooting in South Carolina on June 2, 1979, while he and his co-indictee were in the car they had stolen and were holding the woman they had kidnapped and raped, and shortly after they had held up three men and shot one of them. In order to impeach appellant's declaration that he knew nothing of the events he had discussed in his confession and his statement that he was not with his co-indictee on June 2, 1979, the state introduced a certified copy of appellant's plea of guilty to the murder which resulted from the South Carolina shooting incident.

The evidence contradicted appellant's testimony and was admissible for the purpose of impeachment. A criminal defendant is subject to impeachment, and he may be impeached by disproving the facts to which he testified. Code Ann. § 38-1802; *Mitchell v. State,* 158 Ga. App. 628 (2) (281 SE2d 260); *Favors v. State,* 145 Ga. App. 864, 865 (244 SE2d 902). There was no error in admitting the South Carolina conviction into evidence. *Childers v. State,* 131 Ga. App. 74 (2) (205 SE2d 56). See also *Gay v. State,* 143 Ga. App. 857 (2) (240 SE2d 226).

10. In his final enumeration of error, appellant maintains that the taped confession introduced by the state was not voluntarily made. "At the Jackson-Denno hearing outside the presence of the jury the trial judge determined that all in-custody statements of [appellant] were voluntarily made. Where, as here, the evidence presented by the state and that of the defense is conflicting, the factual determinations of the trial court, unless they are shown to be clearly erroneous, must be accepted by this court. [Cits.] There is no evidence to show that the factual determination of voluntariness by the trial judge was clearly erroneous and accordingly, this enumeration of error is without merit." *Bailey v. State,* 157 Ga. App. 222 (4) (276 SE2d 843).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 21, 1981.

*Evita A. Paschall,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.