## 62485. ASHLEY v. THE STATE.

SHULMAN, Presiding Judge.

Appellant and three co-defendants were tried for the aggravated assaults of Edward C. Parris and Jack Hall Davis. While each of the co-defendants denied the charges, appellant admitted cutting the victims but claimed he was justified in doing so. The jury convicted only appellant and he now appeals. We affirm.

1. In his first enumeration of error, appellant maintains that he was harmed when the trial court erroneously defined a felony as a crime punishable by death, life imprisonment, or imprisonment for more than *four* months. The instruction was given in an effort to explain to the jury the term "forcible felony" contained in the charge on justification, appellant's defense. Taking the charge as a whole, the trial court told the jury that a person was justified in using deadly force against another when he reasonably believed that such force was necessary to prevent the commission of a forcible felony. The court then erroneously defined a felony. However, since we find that it is highly probable that the error did not contribute to the verdict, the error was harmless. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869).

2. Appellant also takes issue with the admission into evidence of a gun and two bullets found on the rear floorboard of the car in which appellant and his co-defendants were sitting at the time of their arrest. "All circumstances connected with an arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth." *Kincaid v. State,* 137 Ga. App. 138, 139 (223 SE2d 152). The fact that the evidence "may have incidentally intimated appellant's participation in another crime does not render such [evidence] inadmissible." *Frazier v. State,* 150 Ga. App. 343 (258 SE2d 29). Appellant's contention of error is without merit.

3. In his final enumeration of error, appellant argues that it was harmful error to allow testimony concerning a threat made by one of appellant's co-defendants (Gilham) to a trial witness without instructing the jury to limit their consideration of the testimony to Gilham alone. In light of appellant's admission at trial that he had

inflicted the knife wounds upon the victims, it is highly probable that the error, if any, did not contribute to the jury's verdict and was therefore harmless. *Johnson v. State,* supra.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 6, 1981.

*Wayne W. Gammon,* for appellant.
*Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.