## 38584. ARP v. THE STATE.

CLARKE, Justice.

Christopher Arp was convicted by a jury of speeding, reckless driving, attempting to elude, trafficking in cocaine and violation of the Georgia Controlled Substances Act. He appeals his conviction on the basis that: (1) Code Ann. § 79A-811 (j) is unconstitutional; and (2) the trial court erred in denying Arp's petition for certification of materiality of out-of-state witnesses pursuant to Code Ann. § 38-2001a, et seq. We affirm.

1. Code Ann. § 79A-811 (j) describes the offense and punishment for the felony "Trafficking in Cocaine." Arp argues that the sentencing scheme set out in this code section is unconstitutional in that the degree of punishment is determined not by the amount of cocaine possessed, sold, delivered, etc., but by the weight of the cocaine plus the material used to "cut" the cocaine. Thus, argues Arp, one who deals in the more pure (and consequently more dangerous) product may receive a shorter sentence than one who deals in a more diluted, less dangerous, but heavier product. He contends that this violates the equal protection rights of the dealer who may sell the same amount of the drug as another but dilutes or "cuts" the product.

Code Ann. § 79A-811 (j) has been challenged previously and has survived constitutional attack on several fronts. *Paras v. State,* 247 Ga. 75 (274 SE2d 451) (1981). We have not, however, addressed the question of whether the statute violates equal protection. We are unable to reach the merits of Arp's contentions because his constitutional challenge to the statute is raised for the first time on appeal. It is well settled that the court will not pass upon the constitutionality of a statute when the question has not been raised at the trial level. *Alexander v. State,* 239 Ga. 810 (239 SE2d 18) (1977).

2. In his second enumeration of error, Arp complains that the trial court denied his petition to certify eight out-of-state witnesses as material witnesses so that he might compel their attendance pursuant to Code Ann. § 38-2001a. Of the eight witnesses sought, four attended the trial voluntarily and were allowed to testify. The testimony which Arp expected three of the four remaining witnesses

to give consisted of self-serving statements made to them by Arp. Arp insists that this testimony was relevant to his motive and intent and that the court's failure to grant the petition for certification constituted error. He argues that the testimony would have been relevant and material and that it would have been admissible to explain conduct under the exception to the hearsay rule found in Code Ann. § 38-302. Since the proffer of testimony at the certification hearing indicated that the statements sought to be admitted through testimony of these three were self-serving, Code Ann. § 38-302 does not apply. *Thomas v. State,* 248 Ga. 247 (282 SE2d 316) (1981); *Dickey v. State,* 240 Ga. 634 (242 SE2d 55) (1978). The proffer of testimony as to the fourth witness was insufficient to indicate the substance of his testimony. This enumeration of error is, consequently, without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1982.

*Richard W. Andrews,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.