## 66302. MULKEY v. THE STATE.

BIRDSONG, Judge.

Lucille Mulkey was convicted of first degree arson and sentenced to serve five years on probation. She brings this appeal enumerating four alleged errors.

The facts giving rise to this conviction as pertinent to the enumerations of error show that Mrs. Mulkey owned and operated a restaurant known as the Airport Drive-In. The structure and its contents were insured against loss. Mrs. Mulkey lived in a back room of the drive-in. On the night of the fire, Mrs. Mulkey left the premises at about 12:30 or 1:00 a.m. When she left, she took her brand of cigarettes from the cigarette machine, her Bible and personal papers. Within 30 to 45 minutes after she left, a large volume of smoke was seen coming from the building. When firemen arrived, they found a mattress in the back room smoldering and burning. This was taken from the building and extinguished. Additionally, curtains in a bathroom had been burned but self-extinguished, giving evidence of multiple sources of inception of the fire.

During its case in chief, the state offered evidence, over objection, that Mrs. Mulkey had previously lived in a cabin which had been burned. Her sister testified that Mrs. Mulkey admitted burning the cabin by placing a cigarette in a mattress. Also the trial court admitted, once again over objection, testimony by an expert that smoldering time, established by scientific tests conducted by the

witness several years earlier, would require a determinable and differing number of minutes (up to an hour), for a mattress to burst into flame from various heat sources. The intended use of this scientific evidence was not made known to the defense even in face of a motion to produce (discovery) pursuant to OCGA § 17-7-211 (Code Ann. § 27-1303) made more than ten days before the date of trial. Trial defense counsel moved to suppress this evidence and objected to its admission as a violation of the discovery rights created by OCGA § 17-7-211 (Code Ann. § 27-1303) and as being too dissimilar to the ostensible cause of the fire in the present case.

1. Appellant Mulkey raises as error the admission in evidence the testimony of her sister that Mrs. Mulkey had previously admitted burning a cabin. Mrs. Mulkey bases her argument upon the contention that the earlier fire was of an uninsured building, was several years earlier, and was based upon flimsy support inasmuch as the sister (whose testimony was challenged as to veracity) had not seen the fire and connected Mrs. Mulkey solely upon an alleged admission made by Mrs. Mulkey to the sister. Under the facts presented both at a preliminary hearing as to admissibility and before the jury, we are satisfied there was a logical connection and such evidence was admissible for the limited purpose to which the trial court assigned it. We find no error in this enumeration. See *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515); *Tuzman v. State,* 145 Ga. App. 761 (244 SE2d 882).

2. Appellant also contends the trial court erred in allowing evidence of scientific tests to show ignition time for fires that were wholly unrelated to the fire in question. We find no error in the admission of this evidence. Mrs. Mulkey testified she was very tired on the evening of the fire and had smoked a cigarette during the evening before leaving the premises. She could not remember what she did with the cigarette and conceded that the fire could accidentally have resulted from the careless discarding of the cigarette. The evidence admitted by the trial court was designed to show that a heat source of similar intensity as a cigarette when in contact with a mattress would take a measurable time to ignite the mattress. Inasmuch as Mrs. Mulkey stated she had left the premises as little as 30 to 45 minutes before the firemen arrived to extinguish the fire, the scientific tests clearly were relevant to test the credibility of Mrs. Mulkey's statement that she had been unaware of a fire when she departed the restaurant. See *Burns v. State,* 166 Ga. App. 766 (305 SE2d 398).

3. Mrs. Mulkey moved unsuccessfully for a mistrial when the trial court allowed the state to ask her if she had cooperated in the investigation. Appellant urges this amounted to a comment upon her

exercise of the right to remain silent.

In the first place, Mrs. Mulkey did not remain silent. She made a statement to a police officer after the fire. She testified fully at trial. However, during the investigation Mrs. Mulkey declined to make herself reasonably available and in general seemed to be trying to avoid the police. At trial, Mrs. Mulkey presented evidence tending to show that she was very concerned about the loss and made every effort to get answers. Under the facts of this case, we do not consider the cross-examination of the state to be a calculated effort to spotlight an attempt by Mrs. Mulkey to exercise her rights to silence. Rather it was an apparent and logical attempt to impeach her by disputing her in-court testimony tending to show innocent concern. The defendant in a criminal case, like a witness in any other case who elects to testify, is subject to impeachment. *Laney v. State,* 159 Ga. App. 609, 612 (284 SE2d 114). See *Moon v. State,* 154 Ga. App. 312, 314 (268 SE2d 366). We find no error in the allowance of this cross-examination by the trial court.

4. However, we experience serious concern with the remaining enumeration of error by the appellant. It is undisputed that Mrs. Mulkey, through counsel, moved under the provisions of OCGA § 27-7-211 (Code Ann. § 27-1303) for the discovery of any scientific tests that might be used by the state. At a preliminary hearing on a motion in limine, the state argued it did not send any of the debris of the fire to the state crime lab and did not intend to introduce any scientific evidence directly emanating from the fire. The trial court assured the defense counsel at that hearing that it was the court's understanding the state would not introduce any scientific evidence at trial.

After Mrs. Mulkey had testified she did not know how the fire had started but conceded it might have been caused by a careless disposal of a cigarette that flamed up after she left and without her knowledge, the state was allowed to call its expert to show that the mattress would have flamed or smoked long before Mrs. Mulkey left giving rise to the conclusion that she would surely have known of the presence of the fire before she left.

We have already held that the evidence was relevant and admissible (see Division 2). However, OCGA § 17-7-211 (Code Ann. § 27-1303) in pertinent part provides: "The term 'written . . . reports' includes . . . reports from the Division of Forensic Sciences of the Georgia Bureau of Investigation . . . and similar type reports that would be used as scientific evidence by the prosecution in its case-in-chief or in rebuttal against the defendant. Failure . . . to furnish . . . a copy . . . when . . . demand has been made . . . shall result in such report being . . . suppressed." In *Tanner v. State,* 160 Ga. App.

266, 268 (287 SE2d 268), the actual report was not offered by the state but the verbal testimony of the expert describing his tests was admitted. This court held that the state would not be allowed to offer orally what it could not present by way of written document. Thus, the fact that no written report was offered by the state in this case does not exempt the testimony of the expert from the discovery provision of OCGA § 17-7-211 (Code Ann. § 27-1303). We will not, moreover, inhibit the liberalized discovery rights afforded a defendant in the manner suggested by the state. The clear language of the statute provides that *any* evidence of a scientific test offered by the state in its case-in-chief or in rebuttal is subject to discovery with the accompanying sanction of non-use for failure timely to release the evidence known to the state. We will not invest such clear language with the meaning that it involves only scientific tests of material directly involved in the crime charged. There is no question that the state was aware of the expert's opinions and even suggested its potential use at the hearing on the motion in limine, though the state remained silent when the trial court announced it understood the state would not introduce any scientific evidence. In this case there was no effort to comply with the discovery request and thus the admission of the evidence was error. Appellant's sole defense was that she did not consciously start a fire. The scientific evidence cast that contention into serious doubt. Even though there was other evidence of guilt or evidence giving rise to an inference of guilt, we cannot say as a matter of law that the appellant was not harmfully prejudiced by the improper admission of this evidence. *Meminger v. State,* 160 Ga. App. 509 (287 SE2d 296). For that reason, this conviction cannot be allowed to stand.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JULY 15, 1983 —
REHEARING DENIED JULY 28, 1983 —

*E. Neil Wester III,* for appellant.

*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.