68544, 68545. MOSLEY v. THE STATE (two cases).

DEEN, Presiding Judge.

On the night of September 16, 1982, a Brunswick, Georgia, kidney dialysis center was broken into. During the same night a local pharmacy was burglarized and a quantity of drugs on Schedules 2 and 3 of the Controlled Substances Act was taken. A neighbor who heard the sound of glass breaking at the dialysis center alerted the police and gave a description of the automobile in which a man she had seen near the center's entrance had left the scene. A vehicle answering the same description was seen later that night parked near the burglarized pharmacy. Approximately forty-eight hours later, a vehicle matching the description was apprehended in a neighboring county, and appellant Mosley and a co-defendant were found occupying the front seat. Pills and other drugs corresponding in type and quantity to those missing from the pharmacy were found loose on the floorboard and, packaged in small plastic bags of the "sandwich bag" type, under the front seat.

A Glynn County jury found appellant guilty of burglary of the pharmacy and of criminal attempt at burglary of the dialysis center. Mosley received consecutive prison sentences of ten years and five years, respectively, and appeals from this judgment. He enumerates as error the trial court's denial of his motion for a new trial and of a motion for a continuance; the admission into evidence of the testimony of a Jeff Davis County deputy sheriff regarding the type and quantity of drugs found in the automobile occupied by appellant; the admission of this same testimony allegedly without complying with OCGA § 17-7-210; and the trial court's failure to instruct the jury on lesser offenses included in burglary. He also appeals the denial of his application for a supersedeas bond. *Held*:

1. In case no. 68544 appellant contends that the deputy sheriff's testimony was inadmissible for three reasons. The first is that the latter was not qualified as an expert on drugs, and therefore was not entitled to give an expert opinion on the nature of the drugs. The record reveals, however, that the officer did not give an opinion as to the nature of the items seized but merely stated that items of a certain description had been seized from appellant's presence and had been sent to the Georgia Crime Laboratory for identification. Thus no pre-testimony "qualification" was required or even appropriate.

The second reason for challenging the admissibility of the deputy sheriff's testimony is that the testimony placed the defendant's character in issue without the defendant's having previously done so. OCGA § 24-9-20. Given the totality of the circumstances, this enumeration is invalid on its face. Moreover, even if the testimony had been such as to place defendant's character in issue, it is well settled

in Georgia law that evidence which only incidentally places in issue the character of the accused, and, as in the instant case, is otherwise admissible, is not rendered inadmissible merely because it adversely reflects on the defendant's character. *Hales v. State,* 250 Ga. 112 (296 SE2d 577) (1982).

The third prong of this enumeration is that "there was no relevant or probable connection between the charges the appellant was being tried on and . . . [his] arrest . . . by said Deputy . . ." In so contending, appellant is apparently attempting to invoke the proscription of evidence of other crimes committed by the accused. See, e.g., *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976); *Millwood v. State,* 164 Ga. App. 699 (296 SE2d 239) (1982). What appellant overlooks — or wishes this court to overlook — is that his apprehension in the described vehicle, in possession of drugs corresponding to those stolen, was not a separate crime but part and parcel of the crimes already under investigation. The "similar crimes" or "separate crimes" prohibition therefore does not apply to the facts of the instant case. Evidence of appellant's apprehension in a neighboring county was admissible either as part of the res gestae or to show recent possession of stolen goods. *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515) (1977); *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202) (1970). See also *Ashley v. State,* 160 Ga. App. 325 (287 SE2d 321) (1981); *Reese v. State,* 145 Ga. App. 453 (243 SE2d 650) (1978). Appellant's third enumeration is without merit.

2. Scrutiny of the record discloses that appellant's remaining enumerations in case no. 68544 are likewise without merit.

3. In case no. 68545 appellant has filed no brief or enumeration of errors pertinent to his appeal of his denial of bond. We therefore dismiss the appeal of case no. 68545. Court of Appeals Rule 27. Moreover, even if appellant had made a timely filing, this court would find no error in the trial court's denial of the bond, since this is a matter within the sound discretion of the court, and the court stated as its reason for the denial the strong possibility that the appellant would attempt to flee the jurisdiction. See OCGA § 17-6-1; *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976); *Craft v. State,* 154 Ga. App. 682 (269 SE2d 490) (1980); *Sapp v. State,* 147 Ga. App. 690 (250 SE2d 23) (1978).

*Judgment in Case No. 68544 affirmed; Case No. 68545 dismissed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 15, 1984.

*Laurence J. Baker,* for appellant.
*Glenn Thomas, Jr.,* District Attorney, *James A. Chamberlin,* As-

*sistant District Attorney*, for appellee.