68591. SCOTT v. THE STATE.
(324 SE2d 565)

BEASLEY, Judge.

The defendant, Jerry Scott, appeals his conviction for voluntary manslaughter. Scott, the victim, S. L. Mitchell, and several other people were in a house in Athens, Georgia, playing cards. Scott lost all of his money to Mitchell. An argument developed about the way Mitchell was cutting the cards. Scott testified that Mitchell "started up on me with a knife . . . and I act like I had a gun in my pocket . . . and he stopped . . . And he said well I'll show you then." The victim left and went to his car and "I went and got my gun ['a .25 automatic pistol']." He saw Mitchell reach under the front seat of his car "and I said hold it man. He tried to stop me. He was going to shoot me. And I started shooting." The autopsy showed that Mitchell had been shot in the left lower back and the bullet had gone behind the heart and ruptured the aorta. Death resulted within a few minutes. A search of the victim's body revealed a knife, but a search of the car did not show that it contained a weapon. Scott left the scene and drove to Atlanta. A few days later he returned to his brother's home. As a result of a tip the Clarke County police obtained an arrest warrant and went to his brother's home to search a mobile home on the grounds.

The police asked a lady at that address if she had seen Scott. She said no. They spoke to Scott's brother, James. He said that Scott was not in the mobile home. The officers went in to search the mobile home, with James. The back room was dark. They asked James to go into the room first and turn on the light. "And as he went in the door he yelled, [']don't do it, don't do it.[']" James grabbed the defendant and spun him around, then "something that sounded like a bump that hit the wall, hit the floor or something." The officers arrested the defendant and then searched the room. They found a .25 caliber automatic pistol with a clip in it, the safety was off, a round was in the chamber and the hammer was cocked. *Held:*

1. Defendant contends the admission of the statement by his brother, just prior to his arrest, was error. We do not agree. The court overruled the objection to the admissibility of the words on the ground that they explained the subsequent conduct of the officer. We

find the testimony admissible, but not on the basis of evidence to explain conduct.

OCGA § 24-3-2 provides that "in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, [and] they shall be admitted in evidence not as hearsay but as original evidence." Our Supreme Court interpreted the predecessor statute to OCGA § 24-3-2, Code Ann. § 38-302, in *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482). "When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] . . . But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible . . . In the case before us, the conduct and motives of the police officers were not relevant to the issues on trial." Id.; see also *Mincey v. State*, 251 Ga. 255, 265 (12) (304 SE2d 882).

The evidence as to the brother's remark and the discovery of the pistol, including the defendant's trip to Atlanta and his hiding in the mobile home, shows flight, concealment, and armed resistance to apprehension. The brother's statement was part of the res gestae of the arrest, and " 'evidence as to the time when and the place where arrested, the manner of the arrest, how the accused was armed, and whether he resisted, and all the circumstances connected with the arrest, are proper matters to be submitted to the jury to be weighed by them for what they are worth.' " *Henderson v. State*, 227 Ga. 68, 82 (179 SE2d 76), remanded for further proceedings as to sentence, 408 U. S. 938, conviction affd. 229 Ga. 731; accord *Wooten v. State* 224 Ga. 106 (5) (160 SE2d 403); *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165); *Bixby v. State*, 234 Ga. 812 (1) (218 SE2d 609); *Lenear v. State*, 239 Ga. 617 (3) (238 SE2d 407); *Barber v. State,* 142 Ga. App. 156 (235 SE2d 629); *Ashley v. State*, 160 Ga. App. 325 (2) (287 SE2d 321). We find no error.

2. Admission in evidence of a specific statement contained in a letter found on the defendant at the time of his arrest is enumerated as error. The letter contained substantially the same self-defense version of the shooting of the victim as the statement of the defendant to the police. However, it included a statement that " . . . I'm not going back to prison." Defendant's counsel contends (1) this statement tends to show the accused committed another criminal act, (2) it was not relevant to any issue in this case, and (3) its prejudicial impact outweighed its relevance.

It is not a valid ground of objection to admission of an incrimina-

tory statement of an accused that it includes language that the accused had committed another and separate offense. *Ledford v. State*, 215 Ga. 799, 805 (113 SE2d 628). The Supreme Court, in *Calhoun v. State*, 210 Ga. 180, 181 (78 SE2d 425), found no error in admission of a statement by the defendant to an officer, following his arrest, which included the comment that "he didn't want to have to go back to the chaingang . . ." Such statement "was a part of the whole incriminating statement . . ." Accord *Reed v. State*, 197 Ga. 418 (6) (29 SE2d 505); *Paige v. State*, 219 Ga. 569, 571 (134 SE2d 793); *Lakes v. State*, 151 Ga. App. 769, 772 (261 SE2d 744); *Stanley v. State*, 153 Ga. App. 42, 44 (264 SE2d 533); *Lee v. State*, 154 Ga. App. 562, 564 (269 SE2d 65); *Lord v. State*, 157 Ga. App. 104, 105 (276 SE2d 153); *Bradford v. State*, 166 Ga. App. 584, 585 (305 SE2d 32). This enumeration is without merit.

3. The third assignment of error is too general for this Court to pinpoint the specific ground. It states that it was error "to allow testimony of the victim's family which was without probative value" and this testimony prejudiced and inflamed the jury. In the brief counsel argues that the victim's father testified how he taught the victim to lay brick and do woodwork, what college the victim went to, what work the victim specialized in, how the victim's father heard the victim was killed, what he did when he found out, the victim's family, the victim's nickname, what the police gave him that was recovered from his son's body, and finally that the victim's mother could not look at the victim's car. This listing of the testimony of the mother and father of the victim continues in the brief. However, examination of the record shows that no objection was made at trial. Two objections were made to similar testimony, and both were sustained. This is a court for review of errors committed by the trial court where proper objection is made, and counsel may not abandon these issues in the trial court and raise them for the first time in his brief on appeal. *Patterson v. State*, 228 Ga. 389, 390 (185 SE2d 762). These questions not having been raised and passed upon in the trial court, nothing is presented for review in this Court. *Abrams v. State*, 223 Ga. 216, 225 (154 SE2d 443).

4. Counsel complains of the denial of his motion for a directed verdict of acquittal. We find the evidence sufficient to enable any rational trier of fact to find the existence of the offense charged beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rutledge v. State*, 245 Ga. 768, 769 (267 SE2d 199). Hence, it was not error to deny a directed verdict for acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590).

5. Defendant was indicted on one count of murder and three counts of recidivism. Defendant filed a motion to strike the recidivist counts. The State filed a notice not to seek the death penalty. The

trial court denied the motion to strike. We find no error. We agree with counsel that the recidivist statute, OCGA § 17-10-7 (b), is not applicable to "a capital felony." *Chappell v. State*, 164 Ga. App. 77 (2) (296 SE2d 629). It is applicable to felonies and since the death penalty was not sought, neither the offense charged, nor the offense of which the accused was found guilty, voluntary manslaughter, was a "capital felony" within the meaning of this statute.

Our Code authorizes the imposition of the death penalty for armed robbery (OCGA § 16-8-41 (b)), rape (OCGA § 16-6-1 (b)), and murder (OCGA § 16-5-1 (d)). However, the Supreme Court in *Collins v. State*, 239 Ga. 400, 402 (236 SE2d 759) held that since the death penalty may not be imposed for rape and armed robbery "there can be no 'conviction of a capital felony' . . ." Hence, this Court has interpreted *Collins* as establishing the rule that "[f]or the purpose of imposition of punishment" armed robbery "is not a capital felony." *Davis v. State*, 159 Ga. App. 356, 361 (283 SE2d 286). Under this authority, this court has held "if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist . . ." *Ivory v. State*, 160 Ga. App. 193, 195 (286 SE2d 435); accord *Haslem v. State*, 160 Ga. App. 251, 253 (286 SE2d 748). The trial court would have erred if it had dismissed the recidivist counts. *Parrish v. State*, 160 Ga. App. 601, 608 (287 SE2d 603).

6. Counsel raises for the first time on appeal the constitutional argument that "the crime of voluntary manslaughter denies defendant equal protection of the law." We have found no place within the trial transcript or record where this issue was raised before the trial court, nor has counsel directed our attention to where such objection and ruling may be found. Our Supreme Court has held that "[i]t is well settled that the court will not pass upon the constitutionality of a statute when the question has not been raised at the trial level. *Alexander v. State*, 239 Ga. 810 (239 SE2d 18) (1977)." *Arp v. State*, 249 Ga. 403 (1) (291 SE2d 495). Further, the Supreme Court has denied a challenge to the constitutionality of this statute on the grounds of equal protection in *Knight v. State*, 243 Ga. 770, 771 (257 SE2d 182).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 26, 1984.

*Walter B. Harvey*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.