## 42166. SHIRLEY v. THE STATE.
(334 SE2d 154)

HILL, Chief Justice.

Defendant was tried by a jury and convicted of the offenses of hunting at night (OCGA § 27-3-2), hunting upon a public road (OCGA § 27-3-10), and hunting from a motor vehicle (OCGA § 27-3-13).

Defendant was arrested by Department of Natural Resources conservation rangers who had observed a high-powered beam of light being directed from a vehicle proceeding along a public road onto a soybean field at approximately 4:30 a.m. on the morning of February 12, 1984. Upon stopping the defendant, who was driving the vehicle, the rangers discovered a 12-volt spotlight plugged into the cigarette lighter and a loaded 12-gauge shotgun in the front passenger area.[1]

In connection with the offenses charged, the trial court instructed the jury on the definition of "hunting" as it is defined in OCGA § 27-1-2 (39), which reads as follows: " 'Hunting' means pursuing, shooting, killing, taking, or capturing wildlife. This term also includes all lesser acts such as disturbing, harrying, or worrying or placing, setting, drawing, or using any device used to take wildlife, whether any such act results in taking or not, and includes every act of assistance to any person in taking or attempting to take such wildlife."

The defendant filed no motions but he objected to the charge taken from OCGA § 27-1-2 (39), supra, urging that the definition of "hunting" was vague, overbroad, and placed an unreasonable restraint on lawful conduct. On appeal he adds constitutional challenges to the three substantive Code sections cited above and contends that the term "hunting" is so vaguely defined in those Code sections that a person of ordinary intelligence cannot understand what conduct is or is not prohibited.

There having been no constitutional challenge directed to the substantive Code sections in the trial court, these issues cannot be raised for the first time on appeal. *Arp v. State*, 249 Ga. 403 (1) (291 SE2d 495) (1982). However, defendant's objections to the charge of the court remain to be considered.

Defendant urges that the word "pursue" would make criminal the act of a photographer in following wildlife for the purpose of photographing it. The word "pursue" may mean "chase" or "follow," Funk & Wagnalls Standard Dictionary (1980). On the other hand, the word "pursue," in the context in which it is used here, may mean: to seek or search for wildlife, for the purpose of shooting or capturing such wildlife. See Funk & Wagnalls, supra, "hunt." We find that this latter meaning was the one intended by the General Assembly. OCGA § 1-3-1 (a).

Defendant also urges that the words "disturbing, harrying, or worrying" render the definition of hunting overbroad, and thereby inclusive of innocent conduct, because many people who are not hunting wildlife nevertheless may disturb, harry or worry them. However,

---

[1] A rational trier of fact could have found the defendant guilty of the three offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

as we did above, we find that the General Assembly intended those words to be limited to situations in which the accused was "disturbing, harrying, or worrying" wildlife for the purpose of shooting or capturing them.

Defendant's objection that the trial court's instruction to the jury defining "hunting" was vague and overbroad and therefore erroneous is valid and he is entitled to a new trial.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Weltner and Bell, JJ., who dissent.*

WELTNER, Justice, dissenting.

I disagree that the statutory words (including "pursuing," "disturbing," "worrying") can be interpreted in any context other than that of hunting itself, which is the capturing or killing of game, or attempts to do so. Interpreting the statute in an ordinary manner, it is neither vague nor overbroad.

I am authorized to state that Presiding Justice Marshall and Justice Bell join in this dissent.

DECIDED SEPTEMBER 5, 1985 —
REHEARING DENIED SEPTEMBER 25, 1985.

*Cook & Palmour, Bobby Lee Cook, James F. Wyatt III,* for appellant.

*Darrell E. Wilson, District Attorney,* for appellee.

*Michael J. Bowers, Attorney General, Isaac Byrd, Assistant Attorney General,* amicus curiae.