### 43386. BLACKWELDER v. THE STATE.
(347 SE2d 600)

CLARKE, Presiding Justice.

Leroy J. Blackwelder was convicted by a jury in the State Court of Decatur County for the offenses of hunting without a license, hunting big game without a big game license, hunting on the land of another without permission, and possession of illegally taken wildlife. Appellant proceeded pro se at trial and hired counsel to perfect his appeal. The enumerations of error include constitutional attacks on OCGA §§ 27-2-1; 27-2-6 and 27-3-1 on the ground that the language is vague and overbroad.

At the trial of the case, Blackwelder defended himself and his companion, Dorothy Ford. No constitutional issues were raised at trial. The defense placed before the jury was that Blackwelder was hunting, but that he was hunting with valid licenses and on land where such hunting was permissible. The main factual issue for the jury to resolve involved a determination of the residence of the applicant, Mr. Blackwelder.

At the time of his arrest, Mr. Blackwelder refused to produce any license and chose to remain silent. At trial he produced licenses issued to him under OCGA § 27-2-4 which authorizes the issuance of a free hunting license to residents of Georgia who are over the age of 65. It is the position of the state that Blackwelder obtained the licenses illegally because, although he is over 65, he is in fact a resident of Virginia. A nonresident would be required to pay fees of approximately $100. The state contended that Blackwelder falsely claimed to be a resident in order to avoid the nonresident fees. Licenses obtained in violation of the code are void. OCGA § 27-2-28.

1. The record before us shows that Blackwelder knowingly and intelligently waived the right to trial with counsel and made a clear choice to proceed pro se. See *Clarke v. Zant,* 247 Ga. 194 (275 SE2d 49) (1981).

2. This court will not address the constitutionality of a law where no challenge on constitutional grounds is made in the trial court. *Alexander v. State,* 239 Ga. 810 (239 SE2d 18) (1977). In addition, the improper charge given in *Shirley v. State,* 254 Ga. 723 (334 SE2d 154) (1985), raised by the appellant is not present in this case.

3. The state presented evidence that Blackwelder obtained resident hunting licenses by giving a Georgia address as his legal residence. The state also presented evidence that Mr. Blackwelder is a resident of the state of Virginia, including the facts that he gave a Virginia address for notification of the court action, his vehicle is registered in Virginia and he has a Virginia driver's license. There was evidence of the act of hunting and Mr. Blackwelder testified that he had been hunting and had taken a turkey.

The summonses were issued on March 27, 1985, when Blackwelder and his companion were ticketed and a recently taken turkey in their possession was confiscated. On March 20, 1985, Blackwelder had asked a landowner, Idus Lynn, for permission to hunt turkeys on his land and Lynn denied permission. On March 25, 1985, Blackwelder was seen on the property of Lynn, wearing camouflage clothes, carrying a shotgun and using a turkey caller. He left the premises when confronted.

Reviewing the evidence in a light favorable to the jury verdict, we find that a rational trier of fact could have found Blackwelder guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Also enumerated as error is an allegation that the accusations are defective because they were all dated March 27, 1985 and all stated he was on the lands of Idus Lynn. At trial, the evidence showed that Blackwelder was hunting on Lynn's property on March 25, 1985. The only date on the summons is the date of issuance. Generally, the date of the alleged offense is not material, except for statute of limitations purposes, and failure to rely on a specific date is not harmful unless the defendant is surprised and prejudiced in the preparation of his defense. *Carmichael v. State,* 228 Ga. 834 (188 SE2d 495) (1972); *Massengale v. State,* 164 Ga. App. 57 (296 SE2d 371) (1982). Even if a demurrer is improperly overruled, a conviction will not later be reversed on that ground absent harm to the accused. *State v. Eubanks,* 239 Ga. 483 (238 SE2d 38) (1977). Here, there was no objection to the accusation and we also conclude that there was no harm to the appellant.

Blackwelder also alleges error in the refusal of the trial court to

allow him to introduce evidence of licenses he held in 1984 and charges that were allegedly brought against him at that time. The record indicates the court stated that a proper foundation had not been laid. In addition, there was no showing of the relevance in the present case where the licenses were obtained in 1985 at a time when appellant was shown to be a resident of Virginia and the license obtained clearly states it is for legal residents of Georgia. The record does not show the facts of the prior cases and how they were relevant at this trial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1986.

*Randall E. Chew*, for appellant.
*Bruce W. Kirbo, Solicitor*, for appellee.