A94A1839. WRIGHT v. THE STATE.
(452 SE2d 118)

POPE, Chief Judge.

This is the second appearance of this case before this court. Defendant appeals her misdemeanor convictions of obstruction of a law enforcement officer (OCGA § 16-10-24) and maintaining a disorderly house (OCGA § 16-11-44).

The record shows that defendant was tried and convicted on May 30, 1990. On February 7, 1991, this court dismissed defendant's pro se appeal without prejudice and remanded in order that she might be properly advised of her right to have counsel appointed for appeal. *Wright v. State,* 198 Ga. App. 531 (402 SE2d 807) (1991). See *Cochran v. State,* 253 Ga. 10 (315 SE2d 653) (1984); *Jacobs v. State,* 184 Ga. App. 869 (363 SE2d 155) (1987). Appellate counsel was appointed on January 6, 1994, and the present appeal was brought on February 4, 1994.

1. Defendant first contends the trial court failed to appoint appellate counsel in a timely fashion. Three years elapsed between this court's February 1991 order that defendant be advised of her right to appellate counsel and the actual appointment of counsel; however, defendant states in her brief that a hearing was set for March 1, 1991, to determine defendant's indigency for court-appointed representation. The record indicates that a certificate of indigency was not filed by defendant until January 6, 1994, and appellate counsel was appointed the same day. There is nothing in the record to indicate the trial court failed to comply with this court's order to advise defendant of her right to appellate counsel in a timely fashion. Nor does the record indicate that defendant sought to avail herself of appellate counsel prior to January 1994. " 'There is a presumption, in the absence of a showing to the contrary, that a public official, including a trial judge, performed faithfully and lawfully the duties devolving upon him by law.' " *Walker v. State,* 163 Ga. App. 684 (294 SE2d 717) (1982). In light of the facts presented, this enumeration of error is without merit.

2. Defendant next challenges the sufficiency of the evidence. On March 22, 1994, defendant filed a stipulated transcript of the proceedings at trial. However, the State refused to stipulate to defendant's transcript because the witnesses were unable to remember their testimony, and the trial judge indicated on the front of defendant's proposed stipulation that he did not remember what transpired at trial. See OCGA § 5-6-41 (a); *Smith v. State,* 260 Ga. 274 (3) (393

SE2d 229) (1990); *Patterson v. State*, 233 Ga. 724, 730-731 (213 SE2d 612) (1975); *Pahnke v. State*, 203 Ga. App. 88, 89 (416 SE2d 324) (1992). "Without a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. [Cit.]" *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500) (1991). It is the burden of the complaining party, including pro se appellants, see *Frasier v. State*, 160 Ga. App. 812 (287 SE2d 669) (1982), to compile a complete record of what happened at the trial level, and "when this is not done, there is nothing for the appellate court to review." *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980).

3. Defendant also challenges the constitutionality of OCGA § 16-11-44. However, there is nothing in the record to indicate that this issue was raised at trial. It is well settled that this court will not review constitutional questions which were not addressed by the trial court. *Dye v. State*, 205 Ga. App. 781 (423 SE2d 713) (1992); *Arp v. State*, 249 Ga. 403 (291 SE2d 495) (1982); *Alexander v. State*, 239 Ga. 810 (239 SE2d 18) (1977). This enumeration is thus without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 21, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994.

*Darrel L. Hopson,* for appellant.
Carolyn R. Wright, *pro se.*
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor,* for appellee.